| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------x<br>VICTOR GUERREVO,<br><br>                      Petitioner,<br><br>    -against-<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant.<br>-----------------------------------------------------------------x | <u>ONLINE PUBLICATION ONLY</u><br><br><br><br><u>MEMORANDUM AND ORDER</u><br><br>10-CV-3287 (JG) (LB) |

JOHN GLEESON, United States District Judge:

        *Pro se* petitioner Victor Guerrevo filed this petition on July 9, 2010, claiming that, as a non-violent alien offender, he is entitled to a judicial order of immediate deportation. I deny his petition for the reasons given below.

        On September 8, 2009, Guerrevo pleaded guilty in the same proceeding to conspiring to commit mail fraud and to being a felon in possession of a firearm. *See United States v. Guerrero*, No. 08-CR-819 (NG); *United States v. Guerrero*, No. 09-CR-398 (NG).[1] On May 6, 2009, he was sentenced to 48 months on both counts, to run concurrently, and three years of supervised release.

## DISCUSSION

        Under 8 U.S.C. § 1231(a)(4)(B), the Attorney General is authorized to remove a non-violent alien offender before he finishes serving his prison term. The decision whether to deport a prisoner pursuant to that authority "is a matter solely within the discretion of the Attorney General." *Thye v. United States*, 109 F.3d 127, 128 (2d Cir. 1997) (per curiam); *see Gil v. United States*, No. 07-CV-3166, 2007 WL 2293442, at *1 (E.D.N.Y. Aug. 9, 2007) (noting

---

[1] Although Guerrevo's name is spelled Guerrero in the criminal cases, I am satisfied that he and the defendant in those cases are the same person because he asked that this petition be filed in one of those cases, which he identified by docket number.

that courts in this Circuit apply *Thye*'s holding to § 1231(a)(4)(B) because *Thye* construed a previous codification of the provision). Moreover, § 1231 does not support a private right of action to compel the Attorney General to exercise this discretion. *See* 8 U.S.C. § 1231(a)(4)(D) ("No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien."); *Duamutef v. INS*, 386 F.3d 172, 182 (2d Cir. 2004).

## CONCLUSION

Accordingly, the petition is denied. *In forma pauperis* status is denied for the purpose of an appeal because any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

So ordered.

John Gleeson, U.S.D.J.

Dated: July 26, 2010
      Brooklyn, New York